UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24348-GAYLES/LOUIS

**SHONTEAKA MOORE**,

    Plaintiff,

v.

**ANDREW SAUL, Commission**er
**of Social Security Administration**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court upon Magistrate Judge Lauren Fleischer Louis' Report and Recommendations (the "Report") [ECF No. 25]. On October 22, 2019, Plaintiff filed a Complaint seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income. [ECF No. 1]. The matter was referred to Judge Louis, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF Nos. 2, 6]. On December 16, 2020, Judge Louis issued her Report recommending that Plaintiff's Motion for Summary Judgment, [ECF No. 21], be denied, the Commissioner's Motion for Summary Judgment, [ECF No. 23], be granted, and the Commissioner's decision be affirmed. Plaintiff timely filed objections to the Report. [ECF No. 28].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

1

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiff objects to Judge Louis' finding that the Administrative Law Judge ("ALJ") did not err in assigning little weight to Dr. Illa-Sanchez's, Plaintiff's treating physician, 2011 evaluation. Specifically, Plaintiff argues that the ALJ's finding that Plaintiff engaged in substantial gainful activity ("SGA") does not provide good cause to disregard the evaluation. Plaintiff further argues that Judge Louis impermissibly inserted her own justification for agreeing with the ALJ (i.e., that the evaluation was conducted outside of the relevant time period). However, it is clear from the record that the ALJ had good cause to give little weight to the evaluation. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) (holding that "[g]ood cause exists 'where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.'") (citation omitted); *Manes v. Comm'r of Soc. Sec.*, No. 16-CV-3234, 2018 WL 1832330, at *8 (M.D. Fla. Mar. 28, 2018) (finding ALJ properly assigned less weight to treating physician's opinions that were made outside the relevant time period).

In affording Dr. Illa-Sanchez's 2011 evaluation "little evidentiary weight[,]" the ALJ "note[d] that the claimant was able to engage in SGA for at least a year following this evaluation[,]" meaning "[h]er work activity appears inconsistent with the substantial limitations described in Dr. Sanchez's report." [ECF No. 18-1 at 30]. The ALJ further bolstered this decision by noting that the "report was also completed several years prior to the period at issue" and that "[t]he intact mental status findings" from Plaintiff's other medical records "indicate no more

than generally mild to moderate abnormalities that do not support the sweeping limitations described by Dr. Sanchez in 2011." *Id.* Thus, the ALJ properly found the "opinion inconsistent with the medical records and other evidence, and gave it less weight on that basis." *Hunter*, 808 F.3d at 823. Therefore, the ALJ articulated good cause for giving little weight to Dr. Illa-Sanchez's 2011 evaluation, and Judge Louis correctly relied on that finding.

Plaintiff also objects to Judge Louis' finding that the ALJ did not pose an incomplete hypothetical to the Vocational Expert ("VE"). The hypothetical posed by the ALJ was consistent with the ALJ's residual functional capacity ("RFC") finding. *Compare* [ECF No. 18-1 at 140], *with* [ECF No. 18-1 at 28]. And the Court agrees that the RFC is supported by substantial evidence. Thus, the hypothetical was sufficient. *See Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 542–43 (11th Cir. 2016) (per curiam) (finding ALJ's hypothetical was not defective because it "took into account all the limitations found in the RFC"); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 951 (11th Cir. 2013) (per curiam) (approving hypothetical because the questions accounted for the claimant's "difficulties in maintaining his concentration, persistence, or pace by limiting him to one to three step non-complex tasks, consistent with the RFC assessment").[1]

Having conducted a *de novo* review of the record, the Court agrees with Judge Louis' well-reasoned analysis and agrees that the Commissioner's decision should be affirmed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge Louis' Report and Recommendation, [ECF No. 25], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

(2)  Plaintiff's Motion for Summary Judgment, [ECF No. 21], is **DENIED**.

---

[1] The Court notes that, as identified by Plaintiff, Judge Louis misquoted the VE's response to counsel's hypothetical. *See* [ECF No. 28 at 16]. However, given the Court's findings, this error does not impact the ultimate conclusion. Indeed, the ALJ allowed counsel to pose the hypothetical that Plaintiff asserts was missing. Therefore, the ALJ considered this in reaching her decision.

(3)   The Commissioner's Motion for Summary Judgment, [ECF No. 23], is **GRANTED**.

(4)   The Commissioner's decision is **AFFIRMED**.

(5)   This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of May, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE